**Rigoberto VILLASENOR–SANCHEZ, a.k.a. Rigoberto Villasenor Sanchez, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70957.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 6, 2012.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Peter Singh, Esquire, Peter Singh & Associates, P.C., Fresno, CA, for Petitioner.

*See* Fed. R.App. P. 34(a)(2).

559

Patrick James Glen, Esquire, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Rigoberto Villasenor–Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Salviejo–Fernandez v. Gonzales,* 455 F.3d 1063, 1066 (9th Cir.2006), and we deny the petition for review.

■ The BIA correctly determined that Villasenor–Sanchez is ineligible for cancellation of removal because his criminal convictions in 1999 interrupted the accrual of the requisite seven years of continuous residence in the United States. *See* 8 U.S.C. § 1229a(a)(2), (c)(1)(B).

■ Contrary to Villasenor–Sanchez's contention, his 1999 conviction for petty theft, in violation of California Penal Code § 488, is a crime involving moral turpitude. *See Castillo–Cruz v. Holder,* 581 F.3d 1154, 1160 (9th Cir.2009) (per curiam) ("Under California law, a conviction for grand theft or petty theft under Cal.Penal Code § 484 requires, in common with oth-

er crimes of moral turpitude, 'the specific intent to deprive the victim of his property permanently.'"); *Flores Juarez v. Mukasey,* 530 F.3d 1020, 1022 (9th Cir.2008). Because he has been convicted of two crimes involving moral turpitude, he is unable to avail himself of the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).